| | | |
|---|---|---|
| TERMAIN M. WELLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-mc-00789 |
| | ) | |
| ASHLEY DENISE PRESTON, | ) | Judge Sharp |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is a complaint filed *pro se* by plaintiff Termain M. Wells against his former attorney, Ashley Denise Preston. The plaintiff proceeds *in forma pauperis*.

## I.      Standard for Conducting Initial Review

Because the plaintiff proceeds as a pauper, the Court must conduct an initial review of the complaint and dismiss it *sua sponte*, prior to service on the defendant, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In reviewing the complaint, the Court is mindful that *pro se* complaints are to be liberally construed and held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). The Court must accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, the leniency afforded to *pro se* plaintiffs is not boundless, and they "are not automatically entitled to take every case to trial." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citation omitted). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and, ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002).

The Sixth Circuit has confirmed that, in assessing whether a *pro se* complaint states a claim on which relief may be granted, the district courts should apply the standard established by Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir.2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original).

## II.     Discussion

In his complaint, the plaintiff alleges that the attorney he retained in connection with a child-custody dispute violated the attorney-client privilege, regularly failed to return the plaintiff's phone calls and text messages, lied about subpoenaing witnesses the plaintiff wanted her to subpoena, took funds from the plaintiff without providing a receipt or any services in exchange for the funds, and failed to notify the plaintiff that she had been placed on probation by the Tennessee Board of Professional Responsibility. He seeks damages in the amount of $250,000. The plaintiff does not articulate the basis for this Court's exercise of jurisdiction over the dispute with his former attorney.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction."

Because the plaintiff has provided no such statement in this case, the Court must attempt to discern it from the complaint. It does not appear, however, that the Court has jurisdiction under either 28 U.S.C. § 1331 or 1332, which are the only jurisdictional statutes relevant here. Under § 1331, which governs "federal question" jurisdiction,"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff's complaint references neither the Constitution nor any discernible federal statute. He does not invoke 42 U.S.C. § 1983 or any

other federal statute, and his factual allegations do not give rise to a reasonable inference that the defendant is a state actor for purposes of stating a claim under § 1983. Thus, the Court lacks federal-question jurisdiction over this matter.

The Court also lacks diversity jurisdiction, which is exercised pursuant to 28 U.S.C. § 1332 over cases between "citizens of different States." 28 U.S.C. § 1332(a)(1). Under this statute, "there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citation omitted). The complaint in this case shows that both the plaintiff and the defendant are residents of Tennessee. Because the plaintiff does not allege facts suggesting that there is complete diversity among the parties, the exercise of jurisdiction under 28 U.S.C. § 1332 is not appropriate.

There being no apparent basis for the exercise of this Court's subject-matter jurisdiction, this case must be dismissed without prejudice. An appropriate order is filed herewith.

_____
Kevin H. Sharp
United States District Judge